-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PETER R. MCNALLY,

        Petitioner,

    -v-

THE STATE OF CALIFORNIA,

        Respondent.

05-CV-0598F

MEMORANDUM and ORDER

---

## INTRODUCTION

Peter R. McNally, who is currently incarcerated at the Central New York Psychiatric Center, has filed a petition for a writ of habeas corpus in which he seeks to challenge a 1996 conviction in the Superior Court of California. Petitioner has also moved for leave to file his petition *in forma pauperis*. Petitioner's application to proceed *in forma pauperis* is granted but, for the reasons set forth below, the petition is dismissed.

## DISCUSSION

The petition challenges a judgment of conviction entered in the Superior Court of California, County of Sacramento on December 4, 1996 pursuant to which petitioner was sentenced to a 1-3 year term for driving while intoxicated and related offenses. The petition states that McNally appealed his conviction to the California Court of Appeal; in response to the question on the habeas corpus petition form asking what the result of that appeal was, petitioner states "papers found in Sacramento tampered with."

Petitioner indicates that he further attempted to challenge his conviction in the United States District Court in Sacramento, California, but that this challenge was found

to be "untimely by 3 days." Presumably this is a reference to the disposition of a habeas corpus petition that McNally filed in United States District Court for the Eastern District of California in 2000, McNally v. M.K. Madding, No. CIV S-00-0374 FCD GGH P (E.D. Cal., Oct. 6, 2000. The docket sheet for that case indicates that a petition filed by McNally on February 22, 2000 was dismissed by the Hon. Frank C. Damrell, Jr., District Judge, by order filed on March 8, 2001, which adopted a report and recommendation of Magistrate Judge Gregory G. Hollows filed October 10, 2000. (Case. No. CIV S-00-0374, Docket Nos. 21 and 22). The Magistrate Judge's report and recommendation adopted by the district court indicates that the dismissal of the petition was based upon the statute of limitations applicable to habeas petitions, 28 U.S.C. § 2244(d), and the petitioner's failure to exhaust his state court remedies.[1]

Inasmuch as petitioner is no longer in custody for the California conviction that he again seeks to challenge, this Court has no jurisdiction to entertain his habeas corpus petition. A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has ruled that "a habeas petitioner [is not] 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (emphasis in original). The "in custody" language of the statute, as quoted above, "does

---

[1] McNally filed a second petition for a writ of habeas corpus in the Eastern District of California on June 22, 2000. McNally v. Board of Prison Terms, No. Civ. S-00-2243 DFL GGH P. That petition was dismissed for failure to exhaust state remedies. Id., Order filed March 21, 2001 (Docket No. 3).

not allow a petitioner to challenge a conviction for which the sentence has been fully served, even where the conviction may result in enhanced penalties in the future." *Remoi v. Immigration and Naturalization Service*, 99 Civ. 1546, 2001 U.S. Dist. LEXIS 2197, at *11 (S.D.N.Y. 2001) (citing *Maleng v. Cook*); *see also Hogan v. State of Iowa*, 952 F.2d 224 (8th Cir. 1991) (habeas corpus petition filed by petitioner confined in Nevada for murder who sought to challenge Iowa manslaughter conviction used to enhance Nevada conviction was dismissed for want of jurisdiction; petitioner was no longer "in custody" for purposes of § 2254 with respect to Iowa conviction); *Diallo v. New York*, 00- Civ. 924, 2002 U.S. Dist. LEXIS 8669 (S.D.N.Y. 2002) (habeas petition denied as moot where petitioner's sentence had fully expired at time petition was filed); 1 R. Hertz & J. Liebman, Federal Habeas Corpus Practice and Procedure, § 8.2c, pp. 367-373 (4th ed. 2001).

McNally's petition contains nothing suggesting that the sentence that was imposed for his California conviction has not "fully expired." The fact that petitioner is now in custody in New York as a result of a 2004 conviction in the Town Court of Greece, Monroe County, State of New York,[2] does not empower this Court to entertain a challenge to his California conviction for which he is no longer in custody.[3] Accordingly, this Court has no

---

[2] Petitioner has filed with this Court a separate petition for habeas corpus seeking to challenge his New York State conviction. *McNally v. Monroe County Probation Department*, 05-CV-0579F.

[3] Even if there were a basis for the Court to determine that petitioner remained in custody under the California conviction he seeks to challenge, it seems clear that this Court could do nothing more than transfer the petition, pursuant to 28 U.S.C. § 1631, to the appropriate Court of Appeals (the Ninth Circuit) under the rules applicable to second or successive applications for habeas corpus. *See* 28 U.S.C. § 2244. As noted herein, petitioner previously challenged his conviction in the Superior Court of California in the United States District Court for the Eastern District of California. That petition was dismissed for failure to exhaust state court remedies and for want of timeliness under the statute of limitations applicable to applications for habeas corpus by persons in custody pursuant to the judgment of a state court. *McNally v. M. K. Madding*, No. CIV S-00-0374 (Docket Nos. 21 and 22). It is clear that a petition that has been dismissed as time-barred has been decided on the merits, thereby rendering any subsequent petition a second or successive petition subject to the restrictions of § 2244(b)(1) through (4). *Murray v. Greiner*, 394 F.2d 78 (2d Cir. 2005); *Villanueva v.*

power to review the legality or constitutionality of that conviction. See Remoi, 2001 U.S. Dist. LEXIS 2197, at *11.

## CONCLUSION

The petition is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

---

United States, 346 F.3d 55 (2d Cir. 2003). Under 28 U.S.C. § 2244(b)(3), a state prisoner seeking to file a "second or successive" petition must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "When a petitioner has mistakenly filed a 'second or successive' petition in the District Court, the trial court must transfer the petition to the Court of Appeals 'in the interest of justice' pursuant to 28 U.S.C. § 1631." Williams v. Pastena, 96 Civ. 5902, 2005 U.S. Dist. LEXIS 8564, at *5 (S.D.N.Y. 2005).

## ORDER

IT HEREBY IS ORDERED, that the petition is dismissed;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

IT IS SO ORDERED.

DATED: Buffalo, New York
October 14, 2005

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE